**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Barnett Chrysler Plymouth
Co., d/b/a Barnett Kia, a
Minnesota corporation,

                    Plaintiff,                    **MEMORANDUM OPINION**
                                                         **AND ORDER**
vs.                                            Civil No. 08-828 ADM/JSM

Kia Motors America, Inc.,
a California corporation,

                    Defendant.

---

Barbara Bagdon, Esq. & J. Michael Dady, Esq., Dady & Garner, P.A., Minneapolis, MN,
appeared for and on behalf of the Plaintiff.

Sanford M. Litvack, Esq., Hogan & Hartson LLP, New York, NY, appeared for and on behalf of
the Defendant.

---

## I.  INTRODUCTION

On August 27, 2008, the undersigned United States District Judge heard oral argument

on Defendant Kia Motors America, Inc.'s ("KMA") Motion to Dismiss [Docket No. 10].

Plaintiff Barnett Chrysler Plymouth Co. ("Barnett Kia") asserts four counts in its Complaint

[Docket No. 1].  KMA moves to dismiss count two under the Minnesota Motor Vehicle Sale and

Distribution Act, Minn. Stat. §§ 80E.01-18, count three under the Minnesota Act Against Unfair

Discrimination and Competition, Minn. Stat. § 325D.03, and counts one and four as they fail to

state a claim against Duluth Kia.  For the reasons set forth below, the Court grants KMA's

motion to dismiss on these counts.

## II. BACKGROUND[1]

Barnett Kia is an automobile dealership located in White Bear Lake, Minnesota that has

sold Kia vehicles manufactured by KMA since 1998.  Compl. ¶¶ 2, 66.  In December 2006,

Barnett Kia discovered that KMA offered discretionary advertising allowances to other

Minnesota Kia dealers through the Regional Marketing Fund ("RMF") program, a program

KMA designed to increase the exposure of the Kia brand and individual dealerships.  Id. ¶11, Ex.

B.  Through the program, KMA subsidizes 50% of a dealership's advertising costs up to a fixed

dollar amount.  Id.  For example, in December 2006, Duluth Kia received $15,000 in advertising

funds when it spent $30,000 on true media.  Id.  Prior to this time, Barnett Kia did not know that

the RMF program existed or that periodic advertising allowances were being made available to

other dealers.  Id. ¶ 12.  Barnett Kia had received discretionary advertising funds from KMA on

three prior occasions containing a designation marked RMF, but Barnett Kia did not know what

RMF signified or that advertising funds were available on a regular basis through the program.

Id. ¶ 13.

Luther Kia and Duluth Kia are Minnesota Kia dealerships that also received RMF

advertising dollars.  Id. ¶ 20.  Barnett Kia alleges it directly competes with these dealerships and

that a Kia purchased from one of these competitors represents a lost sale to Barnett Kia.  Id. ¶¶

11, 88. Barnett Kia alleges that these advertising allowances permit its competitors to more

aggressively and effectively advertise within the common market areas they share and that by

providing this funding, its competitors can offer automobiles to the public at a more competitive

---

[1] In considering a motion to dismiss, the pleadings are construed in the light most
favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true.
Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

price.  Id. ¶¶ 26-29.  As a result, Barnett Kia alleges it has lost new car sales to its competitors as

well as other revenue opportunities that flow from increased advertising and the resulting

increased sales.  Id. ¶ 30.

### III. DISCUSSION

**A.      Motion to Dismiss Standard**

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to

dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P.

12(b)(6).  In considering a motion to dismiss, the pleadings are construed in the light most

favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true.

Hamm, 15 F.3d at 112; Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993).  Any

ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving

party.  Ossman, 825 F. Supp. at 880.  Under Rule 8(a) of the Federal Rules of Civil Procedure,

pleadings "shall contain a short and plain statement of the claim showing that the pleader is

entitled to relief."  A pleading must contain "enough facts to state a claim to relief that is

plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

**B.      The Minnesota Act Against Unfair Discrimination and Competition**

KMA argues that Barnett Kia failed to state a claim under the Minnesota Act Against

Unfair Discrimination and Competition, Minn. Stat. § 325D.03, because this section does not

apply to the provision of advertising allowances.  Barnett Kia argues that the effect of KMA's

discriminatory advertising allowances is to decrease the price a favored dealer pays for each car

purchased from KMA.  Section 325D.03 provides:

> Any . . . corporation . . . doing business in the state and engaged in the production,
> manufacture, or distribution of . . . goods . . . in general use or consumption, who for

3

the purpose or with the effect of injuring a competitor or destroying competition, shall discriminate between different sections, communities, or cities of the state by selling or furnishing such . . . goods . . . at a lower price or rate in one section, community, or city, or any portion thereof, than such . . . corporation . . . charges for such . . . goods . . . in another section, community, or city, or any portion thereof . . . shall be guilty of unfair discrimination; . . . . The inhibition hereof against locality discrimination shall embrace any scheme of special rebates, collateral contracts, or any device of any nature whereby such discrimination is, in substance or in fact, effected in violation of the spirit or the intent of sections 325D.01 to 325D.07.

The plain language of the statute focuses on anti-competitive practices that seek or effectuate lower prices in one geographic location. The statute specifically recognizes some forms of price discrimination including "special rebates" and "collateral contracts" but is silent on advertising allowances. Barnett Kia's attempt to include advertising allowances to extend the reach of the statute would break down the legal distinction recognized in other contexts between price discrimination and advertising provisions. Compare 15 U.S.C. § 13(d) (prohibiting price discrimination under Federal law) with 15 U.S.C. § 13a (prohibiting advertising allowances under Federal law). The Court will not add to a statute what the legislature purposefully omits or inadvertently overlooks. In re Welfare of S.J.J., 755 N.W.2d 316, 319 (Minn. Ct. App. 2008). Additionally, Barnett Kia's reading of the statute would make any assistance from the manufacturer a violation because it would always lower the "price" per unit regardless of the more limited language in the statute.

The only other court to consider this issue held that § 325D.03 does not prohibit favorable promotional allowance. See Sofa Gallery, Inc. v. Mohasco Upholstered Furniture Corp., 639 F.Supp. 677 (D. Minn.1986). In Sofa Gallery, the plaintiff, a furniture purchaser that resold furniture in the retail market, brought a number of antitrust claims against the furniture manufacturer and a rival retailer. Id. at 677-78. Payments were made by the manufacturer to the

4

rival retailer for use in cooperative advertising programs.  Id. at 678.  As in this case, the

advertising allowances were not provided in connection with the original sale between the

manufacturer and retailer, but instead with the resale.  Id.

Barnett Kia argues Sofa Gallery is distinguishable because it only applies to buyer-

induced discrimination.  The court in Sofa Gallery concluded that the Minnesota statutory

scheme covers price discrimination but "does not prohibit buyer inducement of price

discrimination or favorable promotional allowances."  Id. at 679.  Barnett Kia's argument

ignores the language explaining that the statute does not cover promotional allowances.  Also,

Barnett Kia offers no rationale for why the analysis should differ for buyer-induced

discrimination or why the Court should ignore the larger distinction between price discrimination

and promotional allowances.  For these reasons, the claim under the Minnesota Act Against

Unfair Discrimination and Competition is dismissed.

**C.       The Minnesota Motor Vehicle Sale and Distribution Act**

KMA argues that Barnett Kia fails to state a claim under the Minnesota Vehicle Sales

and Distribution Act, Minn. Stat. §§ 80E.01-18, because the advertising allowances in question

are not "inducements" and Barnett Kia is not located within the "relevant market area."  Minn.

Stat. § 80E.13(e).  Barnett Kia maintains that the advertising allowances are in fact inducements

because KMA makes them to increase the sales of new Kias by Kia dealers, which in turn

stimulates more purchases from KMA by those dealers.  Barnett Kia also argues that it should be

allowed to prove that it competes with other dealers in the relevant market area.

Section 80E.13(e) provides:

It is unlawful and an unfair practice for a manufacturer . . . to . . . offer any refunds
or any other types of inducements to any new motor vehicle dealer for the purchase

of new motor vehicles of a certain line make without making the same offer to all other new motor vehicle dealers in the same line make within the relevant market area.

The question is whether KMA's distribution of RMF funds to promote "awareness" and "exposure" for the Kia brand and the dealerships constitutes an "inducement" under the statute. Compl. Ex. B.  It does not.  The Minnesota Vehicle Sales and Distribution Act applies only to the relationship between motor vehicle dealers and manufacturers.  Minn. Stat. § 80E.02. Therefore, the inducements must result in a purchase between the dealership and the manufacturer to implicate the application of the statute.  The RMF program seeks to increase retail sales between the dealership and consumers.  While increased retail sales may result in more purchases from the manufacturer, the statute prohibits only inducements where there is a direct link between the payment by the manufacturer and a sale to a dealer.

Additionally, Barnett Kia's competitors are not within the "relevant market area" as required by the statute.  Minn. Stat. § 80E.13(e).  In another section of this act, "relevant market area" is defined as "a radius of ten miles around an existing dealership."  Minn. Stat. § 80E.14. Rules of statutory construction require that the Court accept this definition from the subsequent section.  See All Parks Alliance for Change v. Uniprop Manufactured Hous. Communities Income Fund, 732 N.W.2d 189, 194 (Minn. 2007) ("Statutory definitions of words used elsewhere in the statute furnish authoritative evidence of the legislature's intent and meaning"); McJimsey v. Dolphin Indus. Staffing, No. A05-1871, 2006 WL 2129782 at *3 (Minn. Ct. App.

Aug. 1, 2006).[2]   The Minnesota dealerships identified in the complaint, Luther Kia and Duluth

Kia, are located respectively 20 and 140 miles away from Barnett Kia.  Because neither Luther

Kia nor Duluth Kia are located within ten miles of Barnett Kia, neither competitor is located

within the "relevant market area."  The claim under the Minnesota Vehicle Sales and

Distribution Act is dismissed because the RMF program is not an "inducement" and the

competitors are not within the "relevant market area."

**D.     The Claims Against Duluth Kia**

The two remaining counts are the Robinson-Patman Act claim (Count I) and a claim for

breach of contract and the implied covenant of good faith and fair dealing (Count IV).  KMA

moves to dismiss these claims as they relate to Duluth Kia arguing that Barnett Kia has not

pleaded sufficient facts in the Complaint to demonstrate that Duluth Kia is a direct competitor.

At oral argument, Barnett Kia argued that Duluth Kia must compete with Barnett Kia because

there are no other Kia dealerships in the 140 miles between the two.  In a motion to dismiss, the

plaintiff must plead sufficient facts such that a claim is plausible on its face.  Twombly, 127 S.

Ct. at 1974.  Barnett Kia's allegation that Duluth Kia is a direct competitor is precisely the type

of speculative pleading that Twombly sought to address.  The Court can find no facts in the

Complaint that demonstrate the Duluth Kia, located hours of driving time from Barnett Kia, is a

---

[2] The Minnesota Legislature removed the identical definition of "relevant market area" from the general definition section in 1985.  See 1985 Minn. Laws ch. 34, § 6.  The Legislature did not alter or remove the term "relevant market area" from sections 80E.13 or 80E.14 at that time.  The Legislature has since amended section 80E.13 on four occasions.  Had the Legislature intended a definition of "relevant market area" other than the one found in section 80E.14 to apply, it would have provided a different definition or altered the term as used in section 80E.13.  Barnett Kia has produced no evidence of the Legislature's intent in making the 1985 amendment, and the Court will rely on traditional rules of statutory construction.

direct competitor.  For this reason, the claims against Duluth Kia are dismissed without prejudice to allow Barnett Kia the opportunity to amend its Complaint to state sufficient facts that would demonstrate that Duluth Kia directly competes with Barnett Kia.

### IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Kia Motors America Inc.'s Motion to Dismiss [Docket No. 10] is **GRANTED**;

2.  Barnett Chrysler Plymouth Co.'s Complaint [Docket No. 1] is **DISMISSED WITH PREJUDICE** on the Minnesota Motor Vehicle Sale and Distribution Act claim (count two) and the Minnesota Act Against Unfair Discrimination and Competition claim (count three);

3.  Barnett Chrysler Plymouth Co's Complaint is **DISMISSED WITHOUT PREJUDICE** as it relates to Duluth Kia.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 27, 2008.