UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Barnett Chrysler Plymouth
Co., d/b/a Barnett Kia, a
Minnesota corporation,

       Plaintiff,    **MEMORANDUM OPINION**
                 **AND ORDER**
vs.               Civil No. 08-828 ADM/FLN

Kia Motors America, Inc.,
a California corporation,

       Defendant.

___

Barbara Bagdon, Esq., J. Michael Dady, Esq., and Mary M. Kellerman, Esq., Dady & Gardner, P.A., Minneapolis, MN on behalf of the Plaintiff.

Christopher W. Madel, Esq., Robins, Kaplan, Miller & Ciresi L.L.P., Minneapolis, MN and Sanford M. Litvack, Esq., Jessica P. Feingold, Esq., and Elizabeth M. Borkin, Hogan & Hartson LLP, New York, NY, on behalf of the Defendant.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Defendant Kia Motors America, Inc.'s ("KMA") Objection [Docket No. 71] to Magistrate Judge Franklin L. Noel's January 24, 2010 Order [Docket No. 68] granting in part and denying in part Plaintiff Barnett Chrysler Plymouth Co.'s ("Barnett Kia") Motion to Compel Discovery [Docket No. 58]. For the reasons set forth below, the Objection is overruled.

## II. BACKGROUND

Barnett Kia is a dealer of Kia automobiles manufactured by KMA. 1st Am. Compl. ("Amended Complaint") [Docket No. 32] ¶ 2. This lawsuit challenges the manner of KMA's distribution of advertising funds to dealers participating in KMA's Regional Marketing Fund

Program (the "RMF Program"). The RMF Program was designed by KMA to increase the exposure of the Kia brand and individual dealerships. Id. Ex. B. Through the RMF Program, KMA would subsidize 50% of a dealership's advertising costs up to a fixed dollar amount. Id. Barnett Kia's Amended Complaint alleges that KMA did not inform Barnett Kia of the existence of the RMF Program and did not make the program's funds available to all competing Kia dealers on a proportionately equal basis. Id. ¶¶ 40-53. The Amended Complaint identifies Luther Kia, located in the Twin Cities, and Duluth Kia, located in Duluth, as Minnesota Kia dealerships that received RMF advertising dollars, and alleges that Luther Kia and Duluth Kia directly competed with Barnett Kia. Id. ¶¶ 21-27. No other Kia dealers are specifically named or discussed in the Amended Complaint. The Amended Complaint alleges KMA's selective distribution of RMF Program funds give rise to an antitrust claim for violations of Sections 2(d) and 2(e) of the Robinson-Patman Act, 15 U.S.C. § 13(d) (the "Robinson-Patman Act"). Id. ¶ 53. The Amended Complaint also alleges breach of contract and implied covenant of good faith and fair dealing. Id. ¶¶ 58-76.

    On February 19, 2009, the Court dismissed Barnett Kia's claims relating to Duluth Kia because the Amended Complaint lacked sufficient evidence of direct competition between Barnett Kia and Duluth Kia. Tr. of Hr'g on Def.'s Mot. to Dismiss [Docket No. 53] at 17. The Court found Duluth does not have access to the same television stations, newspapers, and radio stations as Minneapolis, id. at 10, and determined that although some of Barnett Kia's customers live closer to Duluth Kia than Barnett Kia, this fact "is not enough to show that the [dealerships] are in the same geographic market." Id. at 18. The Court concluded that "there is relevant competition and a viable claim, an antitrust violation as it relates to the metropolitan market,"

but that the Amended Complaint lacked evidence of direct competition between Barnett Kia and Duluth Kia. Id. at 17.

Thereafter, Barnett Kia sought to discover information from KMA regarding twelve Kia dealers located in Minnesota and Wisconsin. See Bagdon Aff. [Docket No. 62], Ex. A at 3. KMA refused to produce the information on the grounds that it was overbroad and outside the scope of the claims pleaded in the Amended Complaint. Barnett Kia brought a motion to compel discovery [Docket No. 58]. Judge Noel partially granted the Motion with respect to the requests for information pertaining to six Twin Cities area Kia dealers (the "Other Dealers").[1] KMA filed this Objection.

### III. DISCUSSION

The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential. Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir.1996). "A decision is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087,

---

[1] The Other Dealers are Morrie's Kia, Monticello Kia, Kia of Brooklyn Park, Belzer Kia, and Metro Kia/Kia of Bloomington.

1093 (N.D. Iowa 2008)).

KMA argues the discovery Order is contrary to law because it allows Barnett Kia to use the discovery process as a "fishing expedition" to determine whether it has a viable claim regarding the Other Dealers. KMA contends that upon dismissal of the claims relating to Duluth Kia, the antitrust claim became confined solely to Luther Kia and does not include the Other Dealers. KMA argues the Amended Complaint does not allege that the Other Dealers competed with Barnett Kia or that KMA favored the Other Dealers over Barnett Kia.

Rule 26 of the Federal Rules of Civil Procedure provides in pertinent part:

> **(b) Discovery Scope and Limits.**
>
> > **(1)** *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. Rule 26(b)(1). Federal Rule of Civil Procedure 26 is to be construed broadly and encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." In re Milk Prod. Antitrust Litig., 84 F. Supp. 2d 1016, 1027 (D. Minn. 1997) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)); Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992) ("Rule 26(b) . . . is liberal in scope and interpretation"). To ensure Rule 26(b) is not "misapplied so as to allow fishing expeditions in discovery," a party must make a "threshold showing of relevance . . . before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." Hofer, 981 F.2d at 380.

The threshold requirement of discoverability is met if the information sought is "relevant to the subject matter involved in the pending action." Archer Daniels Midland Co. v. Aon Risk Serv., Inc. of Minn., 187 F.R.D. 578, 589 (D. Minn. 1999) (quoting Shelton v. Am. Motors, 805 F.2d 1323, 1326 (8th Cir. 1986)).

Barnett Kia's Amended Complaint alleges an antitrust claim against KMA under Sections 2(d) and 2(e) of the Robinson-Patman Act. 1st Am. Compl. ¶ 53. Sections 2(d) and (e) prohibit a seller from providing payments and services to customers to be used in connection with the resale of goods unless the payments or services are available to all competing customers on proportionally equal terms. Hygrade Milk & Cream Co., Inc. v. Tropicana Prod., Inc., No. 88 Civ. 2861, 1996 WL 257581 at *12 (S.D.N.Y. May 16, 1996). A violation of §§ 2(d) or (e) is established if a plaintiff shows "that 1) [a seller] provided payments or services to customers in connection with the resale of goods; and 2) such payments or services were not available to competing customers on proportionally equal terms." Hygrade Milk, 1996 WL 257581 at *13.

This Court determined the Robinson-Patman claim pleaded in the Amended Complaint to be "a viable claim, an antitrust violation as it relates to the metropolitan market." Tr. of Hr'g on Def.'s Mot. to Dismiss at 17. Information regarding KMA's administration of the RMF Program among the Other Dealers satisfies the threshold requirement of discoverability because it is relevant to whether KMA made the promotional program available to competing dealers on proportionally equal terms. The discovery sought relates directly to the elements of the anti-trust claim pleaded in the Amended Complaint.

Additionally, while the Amended Complaint does not specifically identify the Other Dealers or assert facts demonstrating that they directly competed with Barnett Kia and were

favored by KMA, the allegations set forth in the Amended Complaint sufficiently encompass the Other Dealers. The Amended Complaint alleges KMA did not administer the RMF Program on a proportionally equal basis among competing dealers. See, e.g., Compl. ¶¶ 32-33 (alleging that KMA's "improper practice of selectively allocating RMF Program funds" has "permitted certain of Barnett Kia's same brand competitors to more aggressively and effectively advertise within the common market areas they share with Barnett Kia") (emphasis added); Id. at ¶ 49 (stating "KMA's failure to even apprise Barnett Kia that RMF funds were available demonstrates that there was no attempt to distribute the funds to all dealers on a proportionally equal basis") (emphasis added); Id. at ¶ 52 (alleging "RMF Program funds were not made available to Barnett Kia to support its resale of Kia motor vehicles at all, much less on proportionally equal terms") (emphasis added). Thus, discovery about the Other Dealers reasonably bears upon the issues in the case and is not a "fishing expedition" seeking a factual basis for new claims.

Because the information relating to Other Dealers meets the threshold requirement of relevance under Rule 26(b)(1) of the Federal Rules of Civil Procedure, Judge Noel's Order compelling supplemental responses to Barnett Kia's discovery requests regarding the Other Dealers is neither erroneous nor contrary to law.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Objection [Docket No. 71] is **OVERRULED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 16, 2010.